UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CR No. 09-123ML |
| : | |
| JAMES C. GRIMMITT : | |

## MEMORANDUM AND ORDER

On May 29, 2009, Defendant appeared before the Court in this case for his Initial Appearance and a Bail Hearing. Based on a Financial Affidavit signed by him under penalty of perjury, I provisionally found Defendant to be financially eligible for court-appointed counsel, and he was provided court-appointed counsel, Assistant Federal Defender Kevin Fitzgerald, from that date and continuing to the present. However, for the reasons examined below, I reserved the right to revisit the issue of whether Defendant had enough cash on hand to make a payment towards the cost of his defense. On September 14, 2009, Defendant was ordered to submit additional financial information to the Court which he did in a timely fashion. A hearing on the issue of reimbursement of defense costs was held on October 15, 2009.

**Discussion**

The Sixth Amendment of the United States Constitution provides a criminal defendant with the right to "assistance of counsel for his defense." Rule 5(d)(1)(B), Fed. R. Crim. P., requires that, at a defendant's initial court appearance on a felony charge, the court inform the defendant of his "right to retain counsel or to request that counsel be appointed if the defendant cannot obtain counsel." Each District Court must have "a plan for furnishing representation for any person [charged with a felony] financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a).

Local Rule CR 44(a) provides that, if the Court determines that the defendant is financially unable to retain private counsel, it shall appoint the Federal Defender or an attorney on the Court's Criminal Justice Act Panel (a "CJA Attorney") to represent the defendant at no cost. However, if the Court later determines that a defendant has assets from which to pay attorneys' fees, it may, "at any time," order the defendant to pay all or any portion of any attorneys' fees incurred. Local Rule CR 44(a)(3); 18 U.S.C. §§ 3006A(c), (f).

Although the burden of establishing financial eligibility for court-appointed counsel is on the defendant, that burden does not require a showing of complete indigency or destitution. See United States v. Santiago-Fraticelli, 818 F. Supp. 27, 29-30 (D.P.R. 1993). As a practical matter, criminal defense counsel who are able to adequately handle felony cases in Federal Court require a substantial up-front payment of fees or a "retainer" before they will enter an appearance as defense counsel. Thus, in considering requests for court-appointed counsel, the Court must consider liquid assets at the time of initial appearance as well as total assets, income and expenses.

Defendant is not married but he has maintained a twenty-year relationship with a woman described by his counsel as a common law wife. The couple are both retired and each collect a little over $1,000.00 per month in Social Security benefits. They jointly own a thirty-five year old mobile home on leased land that has an assessed "replacement cost less depreciation" value of $37,800.00 according to Town records and a fair market value of approximately $10,000.00 according to Defendant. The couple also jointly own two motor vehicles with a total fair market value estimated at $5,000.00. Although the couple's monthly income is relatively small, their expenses are also limited and are presently exceeded by their income. The couple presently has approximately $9,000.00 in joint savings.

Defendant has plead guilty and will likely receive a prison sentence. After Defendant's sentence commences, his Social Security benefit will be suspended. Although some of Defendant's wife's expenses will decrease after Defendant leaves the household and starts serving his prison sentence, she will also lose the benefit of Defendant's Social Security income, and her expenses (even though limited) will likely exceed her individual Social Security income. Thus, Defendant's wife will have to use their savings to make ends meet.

Other than cash, the couple's only assets are their mobile home and two motor vehicles. Since it is their home, the couple cannot sell the mobile home and, even if they did so, their living expenses would likely increase not decrease since they own the mobile home and the monthly rent for the lot is approximately $400.00. Further, given their financial situation and the limited value of the mobile home, it is unrealistic to believe that they could borrow against its value. The two motor vehicles also have limited value and, even if the couple sold the older of the two after Defendant began serving his sentence, it is only valued at $1,000.00. So, combining that value with the cash on hand, the couple has a total of $10,000.00 in potentially liquid assets.

The present issue requires the Court to balance the realistic financial circumstances of Defendant and his wife, presently and while he is incarcerated, with the discretionary authority to require a Defendant provided with court-appointed counsel at taxpayer expense to bear some or all of that cost from available assets. A reasonable balance in this particular case is to split the liquid assets in half and only consider Defendant's share, or $5,000.00, in this analysis. Also, Defendant has represented under oath to the Court that the couple's oil tank for their mobile home must be replaced which will cost an estimated $1,500.00. It is reasonable to consider that to be a joint expense and deduct one-half, or $750.00, from the amount under consideration. Thus, the Court

concludes that Defendant has $4,250.00 in available assets and that it is reasonable for him to pay half of that or $2,125.00 to the Clerk as reimbursement for the cost of his defense. Currently, the CJA maximum for payment to Court-appointed counsel is $8,600.00 at a maximum hourly rate of $110.00. 18 U.S.C. § 3006A(d)(2). The $2,125.00 reimbursement amount ordered in this case is approximately 25% of the case maximum. Defendant waived presentation of this case to the Grand Jury and plead guilty, thus negating the time and expense of a jury trial. However, his attorney has represented him in a few preliminary proceedings before the Court over the last few months and in plea negotiations with the Government. Also, the sentencing process in cases involving the type of charge brought against Defendant can be complex. Thus, on balance, the Court concludes that it is equitable to require Defendant to pay $2,125.00 for the costs of his defense.

**Conclusion**

For the foregoing reasons, I ORDER that Defendant James C. Grimmitt pay the amount of $2,125.00 to the Clerk as reimbursement for the cost of court-appointed counsel pursuant to 18 U.S.C. § 3006A(f); Local Rule CR 44(a)(3). Such amount shall be paid by November 30, 2009 and the Clerk shall arrange for such payment to be applied or credited to the Defender Services' Appropriation Fund.

SO ORDERED

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 19, 2009